[Civ. No. 3755.   Fourth Dist.   Mar. 22, 1949.]

L. P. SORENSEN, Plaintiff and Appellant, v. T. A. SAND, Defendant and Appellant.

Siemon, Maas & Siemon, Alfred Siemon, Walter L. Maas, Jr., and Bennett Siemon for Plaintiff and Appellant.

Philip M. Wagy for Defendant and Appellant.

MUSSELL, J.—In this action on a contract for delivery of grape rootings, defendant appeals from the judgment in favor of plaintiff, and plaintiff appeals from a part of the same judgment.

Plaintiff L. P. Sorensen was a retail nurseryman engaged in the purchase and resale of grapevines and other nursery stock to growers. The defendant, T. A. Sand, was a wholesale nurseryman engaged in the growing of nursery stock in large quantities, most of which he sold to retailers such as the plaintiff. From time to time, during the latter part of 1944 and the early part of 1945, plaintiff placed orders with defendant for large numbers of various varieties of grape rootings to be furnished and delivered to plaintiff in the latter part of 1945 or the early months of 1946.

A large number, but not all of the vines ordered by plaintiff were delivered by defendant. Plaintiff was charged with and paid for those actually delivered; however, he rejected a substantial number as being undergrade. Some of the rejected vines were replaced and as to such replacements there is no controversy, and some credits were allowed for rejected vines, and there is no controversy as to such credits.

Plaintiff's first cause of action is based on his contention that defendant did not replace nor credit plaintiff with all of the undergrade vines, and he claims damages to the extent of the agreed purchase price of the vines not replaced nor credited. Defendant in his answer denies any failure to replace or credit plaintiff with the price of all undergrade vines, and further alleges an accord and satisfaction. The trial court in its findings and judgment sustained defendant's position on plaintiff's first cause of action and plaintiff appeals from that part of the judgment. Plaintiff alleged in his first cause of action that 530,000 Thompson Seedless rootings were purchased from defendant; that large quantities were rejected by many of plaintiff's customers and replaced by defendant; that defendant refused to replace 32,191 vines which had been rejected by plaintiff's customers on account of being off-grade and that plaintiff was compelled to purchase replacements for his customers in the open market. The trial court recited in its findings that it was unable to find from the evidence that plaintiff's contention as to rootings being undergrade were true and therefore found it to be untrue that the deliveries to the customers in question included any subgrade or defective rootings which defendant refused to replace. The evidence is in sharp conflict as to the number of rootings for

which adjustment was made by the defendant and the testimony relied upon by plaintiff to prove the number of subgrade or defective rootings consisted largely of estimated percentages arrived at by partial inspections of a very few vines. The court further found on conflicting evidence that the parties had settled and compromised the dispute between them as to whether defendant was obligated to make any further replacements of subgrade or defective rootings by an agreement whereby defendant agreed to and did deliver 17,000 rootings of various varieties which plaintiff agreed to and did accept in full satisfaction of his demand. Under the circumstances shown we cannot disturb the judgment of the trial court in favor of the defendant on the first cause of action stated in plaintiff's complaint.

Plaintiff's second cause of action is for damages on account of unfilled portions of orders for grape rootings placed with defendant between December 1, 1944, and September 1, 1945. Plaintiff claims damages in an amount equal to the difference between the contract price and the market price at the time delivery was to have been made. It is admitted that defendant failed to fill all of plaintiff's orders in full and there seems to be no contention that the amount of damage suffered by plaintiff, and as set forth in the judgment, is incorrect; however, defendant contends that he was excused from performance of the contract by reason of the provisions printed on the order blanks or sales slips furnished by defendant and which in most instances were signed by the parties or their agents. The printed portion of the order blanks material here is as follows:

"We accept all orders on condition that same shall be void, should injury befall our stock from fire, frost, floods, drouth or any other cause which could not be prevented and over which we have no control." Defendant testified that he had planted more than enough vines to supply plaintiff and his other orders in a normal growing season, and offered to prove that the shortages in deliveries were due solely to weather conditions over which he had no control. The sole question as stated by defendant is whether the court erred in sustaining an objection to the offered evidence.

Defendant in his answer admitted the shortages in deliveries and alleged that the failure of the defendant to deliver occurred by reason of his failure and inability to grow and produce said rootings in the quantity specified and that his failure

in this respect was solely by reason of causes which could not be prevented by him and over which he had no control. No facts are alleged to support the conclusion alleged and it is not claimed either in the answer or the evidence that any injury befell defendant's stock "from fire, frost, floods or drouth." No facts are alleged showing "weather conditions over which defendant had no control." The evidence indicated that defendant produced a quantity of vines greatly in excess of the number required to fill his commitment to plaintiff; that out of 4,500,000 vines planted defendant produced about 2,700,000 and that he sold and delivered vines to a large number of customers other than plaintiff; that the average of No. 1 vines which would be obtained normally from the cuttings planted would be about 60 per cent. This testimony supports an inference that defendant could have grown a sufficient number of vines to supply all his orders if he had correctly estimated the number of plantings necessary.

Defendant's contention that weather conditions excused him from performance of the contract for delivery of the vines is without merit. While it is conceivable that a contract might be so drawn as to provide an excuse for performance in the event of unusual weather conditions, in the instant case the printed term on the order blank "other causes over which we have no control" has no settled meaning (*Fleuti* v. *Appledorn*, 86 Cal.App. 209, 213 [260 P. 601]) and no facts are alleged which excuse performance. Defendant does not seek to declare the orders void as provided in the printed clause of the contract but seeks to avoid partial performance while accepting compensation for part of the vines furnished. The evidence shows that grape rootings of the kind here involved could have been obtained in the open market and it is not shown that defendant was unable to fill all of plaintiff's orders.

Judgment affirmed. Each party to bear his costs on appeal.

Barnard, P. J., and Griffin, J., concurred.